IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| LIAM UPTON,[1] | § |
| | § No. 444, 2024 |
| Petitioner/Respondent Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CK13-01836 |
| TESS MILLER, | § Petition Nos. 23-08009 |
| | § 23-14507 |
| Respondent/Petitioner Below, | § |
| Appellee. | § |

Submitted: April 25, 2025
Decided: June 16, 2025

Before **SEITZ**, Chief Justice**; LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

After consideration of the opening brief and the record on appeal, it appears to the Court that:

(1)    The appellant ("Father") and the appellee ("Mother") are the parents of two children. The older sibling turned eighteen shortly after this appeal was filed. The younger sibling was born in 2009. After the parents separated, Father moved to California; Mother continued living in Delaware. On January 5, 2022, the Family Court entered a consent order (the "2022 Custody Order") providing that the parents would have joint legal custody of the children; the children would primarily reside

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

with Mother; and the children would visit with Father in California for eight weeks each summer and during certain other school breaks.

(2) In 2023, the parents filed cross-petitions to modify the 2022 Custody Order. Father later filed a motion alleging that Mother was in contempt of the 2022 Custody Order. The motion alleged that Mother violated the order by not providing Father with sufficient notice of a chaperoned trip that the older sibling took to visit colleges in other states; not pursuing certain mental-health services for the younger sibling; and "purchasing a car for [the older sibling] without discussing it with the Petitioner (Father) first."

(3) Following an evidentiary hearing on the petitions and motion, the Family Court denied Father's contempt motion. As to custody and visitation, the court applied the statutory best-interest factors and determined that Mother should have sole legal custody; Mother should continue to have primary residential placement; and Father should continue to have summer and holiday visitation as provided in the 2022 Custody Order.

(4) Father has appealed to this Court. He argues that the Family Court's order should have included a provision requiring Mother to follow mental- and behavioral-health professionals' recommendations for treatment for the younger sibling and challenges the Family Court's findings of fact. This Court reviews the Family Court's factual and legal determinations as well as its inferences and

2

deductions.[2]  We review legal rulings *de novo*.[3]  When deciding whether to modify a custody order that was entered by consent, the Family Court considers the best-interest factors established in 13 *Del. C.* § 722.[4]  This Court will not disturb the trial court's findings of fact unless they are clearly erroneous and justice requires that they be overturned.[5]  "The judgment of the Family Court must be affirmed when the inferences and deductions upon which it is based are supported by the record and are the product of an orderly and logical deductive process."[6]

(5)  After careful consideration, we find no reversible error in the Family Court's judgment.  The parents disagreed about what mental- and behavioral-health services the younger sibling should receive.  Neither party presented testimony from a mental-health professional regarding diagnoses or recommendations for treatment or the basis for such professional's opinion.  The parents' testimony and Father's exhibits from the hearing reflect that different professionals have provided different recommendations and that neither parent has followed the recommendations of the providers selected or preferred by the other parent.  Thus, we find no basis for

---

[2] *Mundy v. Devon*, 906 A.2d 750, 752 (Del. 2006).
[3] *Id.*
[4] *See* 13 *Del. C.* § 729(b) ("An order entered by the Court by consent of all parties, an interim order or a written agreement between the parties concerning the legal custody of a child or such child's residence may be modified at any time by the Court in accordance with the standards set forth in § 722 of this title."); *id.* § 722(a) (providing that the Family Court "shall determine the legal custody and residential arrangements for a child in accordance with the best interests of the child" and listing factors to consider).
[5] *Mundy*, 906 A.2d at 752.
[6] *Id.* at 752-53.

reversal based on Father's contentions that (i) the Family Court should have included a provision in the new order requiring Mother to follow professionals' recommendations for treatment or (ii) the court erroneously declined to find Mother in contempt of the 2022 Custody Order for her failure to follow the recommendations of Father's preferred professionals.

(6) Although Father identifies some immaterial errors, the Family Court's material factual findings were not clearly erroneous. For example, the court's statement that the younger sibling was a licensed driver is not a materially erroneous factual finding. Rather, when the statement is read in context, it is clear that the reference to the younger sibling was a typographical error and that the court understood that the *older* sibling was a licensed driver, which was relevant to Father's claim that Mother violated the prior order by allowing that child to drive a car without consulting Father.[7] Similarly, Father argues that the court erroneously determined that "Mother did not disobey the [2022 Custody] Order by neglecting to seek Father's input in the decision to allow [the younger sibling] to attend the [college tour] trip," because it was the older sibling, not the younger sibling, who went on the trip. When the court's statement is read in context, it is clear that the court understood that the older sibling went on the trip. The court's order discusses

---

[7] Whether Mother or the maternal grandmother purchased the car also is immaterial. The issue was whether Mother was required to consult Father about the child driving the car, not which adult owned the car.

4

the older sibling's preparations for college, and it uses the older sibling's name five times—and the younger sibling's name once—in the paragraph discussing the trip. Again, the mistaken use of the younger sibling's name is not a reversible error in the context here. Finally, although we have not identified in the record evidence demonstrating that the younger sibling participated in *art* therapy when he was with Mother in Delaware, as stated in the Family Court order, the evidence does support the court's finding that the child participated in therapy when he was with Mother in Delaware. Father has not explained why the Family Court's description of the therapy as "art therapy" warrants reversal.

(7) We conclude that the Family Court's factual findings are sufficiently supported by the record and are not clearly erroneous. The court acted within its broad discretion to weigh the best-interest factors when deciding custody, residential placement, and visitation.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

5